# Richmond.

## HARRISON V. GARNETT.

### APRIL 3d, 1890.

CIRCUIT COURTS—*Jurisdiction—Insanity—Committee.*—A circuit court has no jurisdiction to adjudge a person insane. When once a person has been so adjudged by a county or corporation court or the justices before whom he is examined, the circuit court has concurrent jurisdiction with such court to appoint a committee for the lunatic. Code, sections 1697, 1698, and 1700.

Error to judgment of circuit court of Madison county rendered August 16, 1889, in the matter of a motion made by J. K. Garnett to have a committee appointed to take charge of the person and property of Elizabeth Harrison. The circuit court adjudged her insane and appointed N. S. Crisler as her committee. She brought the case here upon error and *supersedeas.* Opinion states the case.

*James Hays, F. M. McMullen,* and *Meredith & Cocke,* for the plaintiff in error.

*J. G. Field* and *Rixey & Barbour,* for the defendant in error.

FAUNTLEROY, J., delivered the opinion of the court.

It appears from the record that the plaintiff in error, Elizabeth Harrison, is the widow of Thomas N. Harrison, of Madison county, Virginia, who died in the latter part of July or the

first part of August, 1889, leaving an estate worth, after the payment of his debts, about $60,000, consisting of $30,000 of personalty, and of realty estimated at $25,000 or $30,000. He left no children, nor descendants; and his wife was seventy-two or seventy-three years of age. He made his will on the 11th day of July, 1889, only a few days before his death, in which he provides for his wife, as follows: "In lieu of dower, I give to my wife, Elizabeth Harrison, during her life, the use, rents, and profits of my entire Lewis farm, on the Rapidan river, being the same tract of land bought by me of George E. Garth, in exchange for the Seville property, and also an annuity of two hundred and forty dollars during her said life; a sufficient sum of money—to-wit, $4,000—of my personal estate, to be loaned out by my executor, secured by deed of trust on unencumbered real estate of double the value of the money loaned, to raise the said annuity." He had told his wife what provision he intended to make for her by his will, and she expressed herself as satisfied therewith. The residue of his estate he bequeathed and devised among his own nephews and nieces. The will, as to which there is no controversy, was offered for probate in the circuit court of Madison county on the 16th of August, 1889, when one I. K. Garnett, a brother of Mrs. Harrison, aged seventy-five years, suggested to the court that his sister was a person of unsound mind, she having resisted all importunities to renounce her jointure by the will, and declaring that, while she knew that she would, as a distributee and doweress, be entitled to one-half of her husband's large personalty and to one-third of his realty, yet she was perfectly satisfied with the provision made for her by her husband, and that she regarded it as sinful to disturb his will: and the said I. K. Garnett moved the court to appoint a committee to take charge of her person and property; and the court, by its said order of the 16th of August, 1889, adjudged "that the said Elizabeth Harrison is insane, and doth appoint Nelson W. Crisler committee of the said Elizabeth Harrison."

And immediately thereupon the said Nelson W. Crisler, appointed committee of said Elizabeth Harrison, moved the court to allow him to renounce, on behalf of the said Elizabeth Harrison, the jointure and provisions made for the said Elizabeth Harrison by the will of her husband T. N. Harrison, deceased, and demanded her dower and distributive share in said estate, and asked to have the same entered of record."

The plaintiff in error insists, that the circuit court of Madison county was without jurisdiction to try the question of Mrs. Harrison's insanity; and hence, at that time and under the circumstances, had no power to appoint a committee; and that, therefore, the whole proceeding in the circuit court is void. We think the contention is well taken. The power of the circuit courts extends only, concurrently with the county or corporation courts, to the appointment of committees, after a party has been duly declared insane, by three justices, or by a county or corporation court of the county or corporation of which such person is an inhabitant. In Virginia, until 1849, the question of insanity was determined only by three justices of the peace, and after their finding, the courts would appoint the committees. In chapter 85, Code 1849, it is enacted:

"Section 40. If a person be found to be insane by justices before whom he is examined, or in a court in which he is charged with crime, as aforesaid, the court of the county or corporation of which he is an inhabitant, shall appoint a committee of him.

"Section 41. If a person residing in this state, not so found, be suspected to be insane, the court of the county or corporation of which such person is an inhabitant, shall, on the application of any person interested, proceed to examine into his state of mind, and being satisfied that he is insane, shall appoint a committee of him.

"Section 43. The circuit courts shall have concurrent jurisdiction with the county and corporation courts, respectively, in the appointment of committees."

These sections are re-enacted, without amendment, into the Code of 1887—sections 1697, 1698, 1700. By the section 41 of the Code of 1849, and section 1698 of the Code of 1887, the county and the corporation courts are given both the power to try the insanity and to appoint the committee, in express terms; while the power to try the question of insanity still remains in three justices, also. But the power to determine the question of insanity and the power to appoint a committee for the person found to be insane, are two separate and distinct powers; and the circuit courts have nowhere by statutory enactment been given the power to try the question of insanity, as a civil procedure. Section 1700 of the Code of 1887 invests the circuit court with concurrent jurisdiction with the county and corporation courts, respectively, in the appointment of committees; but the power to appoint a committee does not necessarily include the power to determine the question of insanity : nor, *e converso*, does the power to determine the fact of insanity by the inquisition of three justices, give or implicate the power to appoint the committee. By section 1697, Code of 1887, it is provided that " if a person be found to be insane by justices before whom he is examined  *  *  *  the court of the county or corporation of which he is an inhabitant shall appoint a committee of him."

Even the county and corporation courts, possessing in general the jurisdiction both to decide the question of insanity and to appoint a committee, are limited to the decision of the question of insanity if the party be an inhabitant of another county or corporation. By the same section (1697) it is provided that if a person found to be insane  *  *  *  in a court in which he is charged with crime, as aforesaid, the court of the county or corporation of which he is an inhabitant shall appoint a committee of him.

The power to appoint the committee as well as to determine the fact of insanity was given to the county and corporation courts by the express terms of section 1698 of the Code of

1887, re-enacting section 41, Code of 1849, because until then they did not possess it; but the legislature has nowhere conferred upon the circuit courts the power to decide the question of sanity.

The other errors assigned are, that the order ought not to have been entered, because Mrs. Harrison had no notice of the motion, and was not given time in which to summon witnesses and take other necessary steps for her defense; and because the court denied her demand for a jury, when the liberty of her person and the possession of her property was involved in the issue to be tried; and because the evidence adduced to prove her to be insane is totally and wholly insufficient, and because illegal evidence was admitted and considered by the judge on the trial of the motion.

But we need not consider or pass upon these assignments of error, however well taken, since we have disposed of the case upon the want of jurisdiction; and are of opinion that the judgment of the circuit court of Madison complained of, is wholly erroneous, and that the same must be reversed and annulled.

JUDGMENT REVERSED.