# CHARLESTON.

## TRUMP v. TIDEWATER COAL AND COKE CO.

### Submitted January 23, 1899—Decided April 1, 1899.

PLEADING—*Declaration—Demurrer.*

A declaration contains several good causes of action, some of which are defectively stated. The demurrer thereto is properly overruled.   (p. 240).

2. PLEADING—*Motion to Exclude Evidence.*

Such technical defects to good causes of action may be cured by the evidence, unless proper objection to the admission of such evidence, or motion to exclude the same, is made in due time. (p. 240).

3. MOTION TO EXCLUDE EVIDENCE— *Waiver.*

A motion to exclude the plaintiff's evidence for insufficiency is waived by the defendant after such motion is made introducing his evidence, as his evidence may cure the defects in the plaintiff's.   (p. 240).

4. APPEAL — *Instructions—Record.*

Instructions copied into the record, but not in some manner made a part thereof, will not be considered by this Court. (p. 240).

5. REVIEW ON APPEAL— *Verdict—Evidence.*

This Court will refuse to disturb the verdict of a jury sustained by the judgment of the circuit court, if it be a matter of doubt as to whether the same is opposed to the plain and decided preponderance or weight of the evidence. In cases of doubt, the benefit is given to the judgment of the lower court.   (p. 240).

Error to Circuit Court, McDowell County.

Action by Fred Trump, by Lucy A. Dillon, his next friend, against the Tidewater Coal & Coke Company. There was a judgment for plaintiff, and defendant brings error.

*Affirmed.*

RUCKER, KELLER & HAMILL, for plaintiff in error.

I. C. HERNDON and CHAPMAN & GILLESPIE, for defendant in error.

DENT, PRESIDENT:

In the case of Fred Trump, etc., against the Tidewater Coal & Coke Company, being a writ of error from a judgment of the circuit court of McDowell County in favor of the plaintiff for the sum of five hundred and ten dollars, the defendant relies on the following assignment of errors: First, the overruling of the demurrer to the declaration; second, not sustaining the motion to strike out plaintiff's evidence; third, an erroneous instruction given; fourth, overruling the motion to set aside the verdict as contrary to the law and evidence.

The declaration, as set out, appears to be amply sufficient to satisfy the requirements of section 29, chapter 125, Code, and the former decisions of this Court. There is nothing omitted therefrom "so essential to the action that judgment according to law and the very right of the cause cannot be given." *Davidson* v. *Railway Co.*, 41 W. Va. 407, (23 S. E. 593); *Poling* v. *Railroad Co.*, 38 W. Va. 645, (18 S. E. 782); *Berns* v. *Coal Co.*, 27 W. Va. 289; *Hawker* v. *Railroad Co.*, 15 W. Va. 628. The objections urged are purely technical and fine spun, and certainly fail to show that the defendant was taken by surprise. The allegation that the defendant "negligently and wrongfully failed to provide a reasonably safe place to work" is stronger than if it used in lieu thereof, "failed to use ordinary care," as the former expression necessarily includes the latter. To negligently and wrongfully fail to do anything is to fail to use ordinary care in doing it. The declaration is undoubtedly good in so far as it charges failure to furnish a safe place to work and to furnish safe machinery, and the court did not err in overruling the demurrer. *Wheeling* v. *Black*, 25 W. Va. 266; *Robrecht* v. *Masglin's Adm'r*, 29 W. Va. 765, (2 S. E. 827). Nor is it insufficient in that it fails to allege that the boy did not possess the necessary experience, knowledge, and skill to appreciate and guard himself against the increased danger; for it does allege that, after he was directed to do more dangerous

work·than that for which he had been employed, the defendant wrongfully and negligently "failed to instruct, caution, and direct the plaintiff in discharge of the said duty." From these allegations the experience of the plaintiff is a. plain inference; for otherwise it ·would not be wrongful or negligent for defendant not to so caution and instruct plaintiff as to his new duties. Taking the allegations of the declaration as true, defendant is certainly liable thereunder. *Berns* v.: *Coal Co.*, 27 W. Va. 289. A general demurrer to a declaration stating several causes of action, all of which are good, but some of which are stated defectively by mere technical omission, must be overruled. And, if the defendant desires to take advantage of such technical imperfections in the declaration, he must do so when the proof of such defective omissions is offered by objection to the admission thereof as unwarranted by the allegations or motion to exclude the same so as to afford the plaintiff opportunity to amend his allegations to correspond with his proof; otherwise, the defendant will be presumed to have waived all objection to such amendable defects in the declaration in so far as fully supplied by the proof. Code, c. 131, s. 8.

The defendant moved to exclude the whole of plaintiff's evidence as insufficient to sustain the issue. This motion was waived by reason of the defendant afterwards introducing its evidence in defense. *Core* v. *Railroad Co.*, 38 W. Va. 456, (18 S. E. 596).

The instructions objected to by defendant are not a part of the record, and cannot be considered. *Winters* v. *Null*, 31 W. Va. 450, (7 S. E. 443).

The motion to set aside the verdict cannot be sustained, unless the evidence as a whole is clearly insufficient, or plainly and decidedly preponderates against the same. The circuit court having overruled the motion, its judgment is entitled to peculiar respect, and will not be disturbed, unless manifestly erroneous. The principles have been so often repeated lately that it seems a matter of almost useless labor to again repeat them. When negligence is a matter of law merely, it is a question for the court; but when it is a mixed question of law and fact, or a mere question of fact, it is for the jury. In this case it

comes under the second head.    The facts are as follows: A boy, Trump, fourteen years of age, is employed to take checks off of coal cars by the defendant.    Somehow his duties are changed, and he undertakes to cut loose cars. One of the cars is defective, and the place where he works is dark, and by reason thereof, and by his inexperience and unskillfulness, he is crushed between the cars, and his legs broken.    The gist of the action is placing this inexperienced boy, without proper instructions, in a dangerous place, to work with defective machinery.    To a boy with proper experience and instruction, the danger and defects would have been avoided, and no accident would have occurred.    Mr. Grantham, the mine boss, says he did not send the boy to cut the cars loose, on account of his inexperience in such work, but to go to Cicero Ross' door, and attend it, and let Cicero do the cutting loose.    In this he appears to be corroborated by Ed Furguson, a boy of color, who testifies that Trump told him that "Grantham had told him to keep door, and let Cicero cut loose, and he said he would rather cut loose, because it was so lonesome at the door."    This evidence is apparently sufficient to overcome Trump's, but the jury saw the witnesses, and for some reason gave the weight and credibility to Trump. This was their province, with which this Court is powerless to interfere, without disregarding the constitutional guaranty of right of jury trial.    *Young* v. *Railroad Co.*, 44 W. Va. 218, (28 S. E. 932); *Sisler* v. *Shaffer*, 43 W. Va. 469, (28 S. E. 721); *Akers* v. *De Witt*, 41 W. Va. 229, (23 S. E. 669).    Grantham testified that it was his duty to inspect the cars, but he did not know how long before it was that he inspected the defective car by which Trump was hurt.    From the existence of the defect and this evidence the jury had the right to infer neglect in this respect, and the court cannot control such inferences.    Trump's evidence may be false, and his recovery unjust, but it rests on the verdict of a jury, sustained by the judgment of the trial court, who saw the contradicting witnesses and heard their testimony; and there appears to be no error of law, or no such decided preponderance of evidence, as will justify the interference of this Court.    The judgment is therefore affirmed.

*Affirmed.*