# CHARLESTON.

## MORGAN BILLINGSLEY v. WM. A. STUTLER.

Submitted June 5, 1902.    Decided November 29, 1902.

1. UNLAWFUL DETAINER—*Summons.*

   The property as described in a deed of conveyance and which can be made certain by the sheriff in executing a writ of possession, is a sufficient description in a summons of unlawful entry and detainer. (p. 93).

2. PAROL EVIDENCE—*Misnomer.*
    Parol evidence to show that a deed absolute on its face was intended as a mortgage is not admissible in a suit at law. p. 94).

3. UNLAWFUL DETAINER—*Limitation—Ejectment.*
    To sustain an action of unlawful entry and detainer, the plaintiff must show that his right of action accrued within three years from the commencement of his action, otherwise he will be remitted to his action of ejectment. (p. 95).

Error to Circuit Court, Marion County.

Action by Morgan Billingsley against William A. Stutler and others. Judgment for plaintiff, and defendants bring error.

*Reversed.*

C. H. LEEDS, for plaintiffs in error.

F. T. MARTIN and U. N. ARNETT, Jr., for defendant in error.

DENT, PRESIDENT:

This is an action of unlawful detainer instituted by *Morgan Billingsley* v. *William Stutler and others,* in the circuit court of Marion County, for the possession of a certain tract of land in the possession of the defendants. It resulted in a judgment in favor of the plaintiff. The defendants obtained a writ of error.

The first error assigned is, that the land is not sufficiently described in the summons. The description strictly follows that contained in the conveyance, and is therefore sufficient as held in the case of *Simpkins* v. *White, et al.,* 43 W. Va. 126.

There is no doubt but the sheriff, with the aid of the plaintiff, could easily have ousted the defendants and given possession of the right land.

The second error assigned, is, that the court refused to sustain defendant's motion to strike out the plaintiff's evidence. This error was waived by the defendant proceeding with the introduction of other evidence after the motion was overruled. *Trump* v. *Tidewater Coal and Coke Co.,* 46 W. Va. 238 (32 S. E. 1035) ; *Core* v. *Railroad Co.,* 38 W. Va. 456 (18 S. E. 596).

The third assignment will be considered with the fifth, sixth, etc.

The fourth assignment is because the court refused to allow the defendant to show on cross-examination of plaintiff that the

deed from the defendants to the plaintiff was intended to be a mortgage and not an absolute conveyance. If there is any case in which this would be proper, this would be one for the purpose not of overthrowing the deed but to show the character of defendants' possession. But the rule in this State is enforced in all its strictness, that, at law, no evidence will be received, to add, subtract from or in any manner to vary or qualify an executed deed either in its terms or legal import. *Buena Vista Co.* v. *Billinger,* 48 W. Va. 382 (37 S. E. 583) ; *Knowlton* v. *Campbell, Id.* 294, (37 S. E. 581) ; *Howell* v. *Beller,* 41 W. Va. 610, (24 S. E. 646) ; 21 Am. & En. En. Law (2 Ed.) 1080; 20 Am. & En. En. Law (2 Ed.) 949.

The rule is modified in Pennsylvania and probably other states, but not in this State. 21 Am. & En. En. Law (2 Ed.) 1083.

The rule is otherwise in equity. 20 Am. & En. En. Law (2 Ed.) 950; *Shank* v. *Groff, et al.,* 43 W. Va. 337 ; *McNeels Exrs.* v. *Huldridge,* 34 W. Va. 748, (12 S. E. 857) ; *Gilchrist* v. *Berwick,* 33 W. Va. 168, (10 S. E. 371).

The third and fifth assignments of error together with the various others not argued by counsel, while relating to the evidence and instructions given, involve but a single question and this is, was this suit instituted within three years after the right to bring the same accrued. If this question is answered in the affirmative, the judgment must be affirmed, although the court may have permitted illegal evidence to go to the jury. If in the negative, the judgment must be reversed and a new trial awarded.

The necessary facts to determine this question are few and simple. On the 22d day of February, 1898, the defendants jointly with Vincent Stutler, now deceased, in consideration of certain indebtedness, executed to the plaintiff, an absolute conveyance for the property in controversy. This deed, which was accepted and introduced by the plaintiff, contains a recital that the land is now in possession of the grantors, meaning the present defendants and Vincent Stutler, deceased. There was no provision for the change of possession and while the execution of the deed, changes the right to, it does not change the actual possession. The grantors were joint owners of the property, and hence the possession of any one of them was the possession of all.

The property thus remained until the death of Vincent Stutler in August, 1899. On the 30th day of October, 1901, this suit was instituted by the plaintiff against the surviving grantors, being more than three years from the date of the deed, but within three years from the death of Vincent Stutler. The plaintiff fails to show any change of possession whatever from that recited in the deed. It is shown that one of the defendants, William Stutler, was off the land a short time, and the witnesses are made apparently to admit that Vincent Stutler was in possession of the land. But his possession is nowhere shown to be inconsistent with, or adverse to, the possession of the defendants. The plaintiff attempts indeed to intimate in the evidence, that he had some kind of arrangement with Vincent Stutler, by which said Vincent alone was to have possession of the land after the execution. If there was such an arrangement he is not competent to prove it. He admits in his evidence and he is competent to prove this as it is against himself, that there was no arrangement between the parties whatever as to the possession of the property but that he permitted them to remain without the payment of, or demand for, rent until the bringing of this suit. If any of the other grantors had died he could have proved the same thing with regard to them. It is said that Vincent was the head of the family. They were all adults and all in possession at the time of the execution of the deed, and this possession, so far as any competent evidence shows, remained unchanged and unbroken up until the time of the bringing of the suit.

On this proposition this case is clearly for the defendants and so the court shold have instructed the jury.

The statutory provision that a suit for unlawful entry or detainer must be brought within three years after the right of action accrued, is just as binding and sacred as the rule that parol evidence is not admissible at law to change the character and purport of a written contract, and while we enforce the one against the defendants, we must enforce the other against the plaintiff. While the circuit court strictly enforced the rule no doubt to end a useless litigation it leaned towards equity in the enforcement of the statute. It left the jury to determine a mere question of law with the necessary intimation that there was evidence tending to prove that there existed a contract or understanding between Vincent Stutler, deceased, as to the

possession of the land, when there is not the slightest competent evidence as to any such contract or understanding. Had there been such, the defendants would have been parties to it, for it would have been a surrender of their possession as recited in the deed. This possession neither they nor Vincent Stutler have been shown ever to have surrendered. It looks hard to turn a plaintiff in such a case to his action of ejectment which will only afford him the same relief he could have here if it were not for the statute, but so the law is written.

The judgment is reversed, the verdict of the jury is set aside, a new trial awarded and the case is remanded.

*Reversed.*