# CHARLESTON

## KARNES *v.* JOHNSTON.

Submitted September 25, 1905,     Decided January 16, 1906.

1. COMMITTEE FOR INSANE—*Notice.*

   The appointment by a county court of a committee for a person as insane, upon a finding by a justice that such person is insane under an inquisition under section 9, chapter 58, Code, without notice to such person is void. (p. 596)

2. INSANE PERSON—*Committee.*

   A justice's order finding that a person is insane, not committing him to a hospital for the insane, but leaving him freedom of person until the appointment of a committee, and then committing him to the custody of such committee, is not admissible as evidence of insanity in a proceeding to appoint a committee. (p. 598.)

3. UNLAWFUL ENTRY AND DETAINER—*Entry.*

   The plaintiff, in an action of unlawful entry and detainer appealed to the circuit court from a justice's court, must show that the defendant's entry was within two years before the action. The record must show that fact to sustain a judgment for the plaintiff. (p. 599.)

Error to Circuit Court, Mercer County.

Action by Robert O. Karnes against James H. Johnston. Judgment for plaintiff and defendant brings error.

*Reversed and Dismissed.*

HALE &. PENDLETON, for plaintiff in error.

C. R. McNUTT, for defendant in error.

BRANNON, JUDGE:

Robert O. Karnes as committee for Huldah Alvis, lunatic, brought an action of unlawful entry and detainer against James H. Johnston before a justice of Mercer county to recover possession of land, which went by appeal to the circuit court, where the case was tried by the judge in lieu of a jury, and judgment rendered for the plaintiff. Upon the trial the plaintiff gave in evidence against the objection of the defendant an order made by the county court reciting that a justice of the peace appeared in open court and made known to the county court on oath that Huldah Alvis was, in the mode prescribed by law, found by him to be a lunatic, and was so adjudged by said justice, and that the custody of her person had been by said justice directed to be turned over to her committee, when one should be appointed, and appointing Karnes a committee for her. No notice of this proceeding in the county court was given to Huldah Alvis. This Court has decided that the appointment of a committee for an insane person by the county court or its clerk without notice is void. *South Penn Oil Co.* v. *McIntire,* 44 W. Va. 296. But it is said that the doctrine is only applicable under section 34 of Code, chapter 58, where a person is suspected of being a lunatic, and where it is sought to appoint a committee for him, and to adjudge him for the first time on same motion to be insane, and that section 33 does not require a notice where he has been found insane by a justice upon an inquisition under Code, chapter 58, section 9. The *McIntire case* and others in this Court were not cases where the person had been found by a justice to be insane, as in this case. The question then arises, Is notice of the appointment of a committee for a person as insane required where he has been found by a justice to be insane upon such inquisition? It is argued that as section 33 authorizes a county court to appoint when a justice has found one insane, without providing for notice, and as section 34 provides that a county court may

appoint when one is suspected of being insane, and in words requires notice, therefore no notice is required in this case, because the justice has found the person to be insane. If we give section 33 effect to warrant such appointment without notice, it would be unconstitutional, because it would deprive a person, without due process of law, of the dearest rights, personal freedom, which is "liberty," and the possession, perhaps during life, of his property. We should not give section 33 a construction rendering it unconstitutional; but we should adopt such a process under it as would not render it obnoxious to the constitution. In some instances a statute will be, or will not be, unconstitutional, dependant on a procedure under it. An instance is *King* v. *Mullins*, 171 U. S. 404, where it was held that the fact that legal proceedings are given under the process to enforce forfeiture of land for non-entry, for taxes avoided the imputation of unconstitutionality against the forfeiture clause of our constitution. There is section 33 giving power, so far as its dry letter goes, to appoint a committee merely, upon a justice's finding lunacy; but there is also the constitutional demand that no one shall be deprived of liberty or property without due process. The judiciary, in the practical application of section 33, must call for a procedure demanded by the constitution. As we said in *Evans* v. *Johnson*, 39 W. Va. p. 303: "A statute will not be construed to authorize proceedings affecting a man's person or property without notice. It does not dispense with notice." Notice is presumed to have been intended by the legislature, unless in words denied. If such finding by a justice were conclusive upon the insane person, then notice would seem to be useless. It is effectual to commit him to a hospital for insane. But the question is, How far is such finding of a justice operative in a collateral proceeding, a distinct proceeding, namely, a proceeding for the appointment of a committee? In such collateral proceeding it is not conclusive, but only an item of evidence, *prima facie* evidence of the fact of insanity. 16 Am. & Eng. Ency. L. (2d Ed.) 606. It would be going far to say that the finding of a justice upon an inquisition of lunacy under section 9, chapter 58, Code, which has for its sole and only purpose the confinement of a lunatic in a hospital, has the further effect, the conclusive effect, of establishing insanity for all purposes; that it can be

made a basis, without further question or contestation, of an order for the appointment of a committee, to deprive the person of his property. It is only *prima facie* evidence of insanity, admissible, but not conclusive. The party has right to contest it. The finding of the inferior tribunal cannot bar the right of the party to contest the charge of insanity and prevent the appointment of a committee. The two proceedings are distinct. *Harrison* v. *Garrett*, 86 Va. 763, 11 S. E. 123.

Therefore, he must have notice, because he has a right to meet and defeat the *prima facie* case made by the finding of the justice. It is argued in a brief that under circumstances the judgments of inferior tribunals are to be regarded as effective as though of courts of general jurisdiction. The general rule is that jurisdictional facts must appear in the justice's record. The counsel admits this proposition, but lays down the proposition above stated of the finality of justice's judgment; but in laying it down he cites the Ency. Pl. & Prac. Vol. 12, 672, stating that where it appears affirmatively that the justice has acquired jurisdiction, "both of the subject matter of the action, and the person of the defendant, then the same presumptions are indulged in favor of the regularity and validity of the proceedings of such justice's court as are extended to courts of general jurisdiction." That is a correct statement of the law and is so laid down in *Shank* v. *Town*, 43 W. Va. 242. But note, that authority demands that there be jurisdiction of the person and subject matter. There is no jurisdiction over Huldah Alvis for want of notice. Therefore, the order of the county court appointing Johnston a committee is void, and was not evidence.

There is another reason why the county court order is abortive. The record shows that whilst the justice declared Huldah Alvis insane, he did not find that she should be confined in a hospital for the insane, did not commit her to the jail, did not place in or commit her to the custody of the sheriff, nor turn her over to any person to be kept and cared for as provided in section 10, chapter 58, Code; but left her in the exercise of freedom of her person until a committee should be appointed, and ordered that then she be turned over to such committee, and ordered her then into his custody. Now, the justice under said section exercises a special,

a limited, jurisdiction, having for its sole and only purpose the finding of lunacy for committment to the hospital for insane. His jurisdiction goes no further. In this case he exercised, not that jurisdiction, but assumed a general jurisdiction to pass on the question of insanity, not for the purpose of confining the lunatic in a hospital for detention and cure, but simply in order that a committee might be appointed for her. He could hold no inquest for such purpose. The law authorized him to find insanity, and further, as part of his judgment, to commit to the hospital. For this reason it does seem to me that the justice's finding is wholly abortive to warrant the appointment of a committee. *Harrison* v. *Garrett*, 86 Va. 763, (11 S. E. 123.)

Another question is presented in the case. The record does not show that the entry of the defendant was within two years next before the suit as required by Code, chapter 50, section 211. A justice under this section cannot give judgment, unless the entry was within two years next before the suit. But it is contended that the defendant has to prove this as a matter of defense as under the ordinary statute of limitation he must plead the statute and sustain his plea. The defendant contends that the plaintiff carries the burden of showing the entry within such two years. The jurisdiction of the justice under this statute is a special and limited one, conferred by the statute, and we think that the plaintiff must show, not only an entry, but an entry within two years before the suit. It is a part of the very letter of the statute giving the action, not the general statute of limitations. In *Billingsley* v. *Stutler*, 52 W. Va. 92, the syllabus says that: "To sustain an action of unlawful entry and detainer, the plaintiff must show that his right of action accrued within three years from the commencement of his action, otherwise he will be remitted to his action of ejectment." I cannot say that the point of where rests the burden of proof in this matter was exactly decided, but the language just quoted imports it.

Judgment reversed and action dismissed.

*Reversed and Dismissed.*