# CHARLESTON.

BROWN *et al. v.* CLICK, *ex'r.*

Submitted March 17, 1908.     Decided April 20, 1909.

1. MORTGAGES—*Sale by Substituted Trustee—Injunction.*
    Equity will not enjoin a sale by a substituted trustee on the ground that the original trustee was improperly removed. (p. 460.)

2. EQUITY—*Hearing on Bill and Answer.*
    When a case is heard upon bill and answer without replication, and no proof is taken, the allegations of the answer must be taken as true. (p. 460.)

Appeal from Circuit Court, Putnam County.

Bill by H. C. Brown and others against Philip Click, administrator, and others. Decree for defendants, and plaintiffs appeal.

*Affirmed.*

J. W. ENGLISH and NULL & HIGGINS, for appellants.

RANKIN WILEY, for appellees.

WILLIAMS, JUDGE:

This is an appeal from a decree of the circuit court of Putnam county made on the 17th day of August, 1907, directing Rankin Wiley, substituted trustee, to sell certain real estate under a deed of trust given by H. C. Brown and E. R. Brown his wife to secure a debt to defendant's intestate, C. Click, deceased.

W. L. Higgins was the original trustee, and was required by Click's administrator to give bond under the provision of section 3053 of the Code and failing to do so, notice was given to Brown and wife and said Higgins, trustee, by said administrator that he would apply to the circuit court in term on the 14th day of November, 1906, to appoint a trustee in his place. The court appointed said Wiley in his stead, and Wiley thereupon gave bond as substituted trustee, and published notice in a newspaper that he would sell the property publicly in front of the Court House on the 30th day of January 1907. There appears to have been two adjournments of the sale; first, to the 12th of February, 1907, and again to the 27th of February, 1907, by a continuation of the original notice in the paper and subjoining thereto notices of the adjournments of the sale.

Plaintiffs presented to the circuit judge, in vacation, their bill praying for an injunction against the sale on the grounds, (1) that the original trustee had been improperly removed; (2) that notice of sale had not been served on the grantors as required by section 3056 of the Code; (3) that proper notices of the adjournments of sale had not been given.

These points are also assigned as errors committed by the lower court in dissolving the injunction and directing a sale; and as an additional error it is assigned, (4) that'it was improper to direct a sale without ascertaining the amount of the debt.

On the 21st of February, 1907, the Judge, in vacation, granted a temporary injunction; and on the 15th of May, in term, the defendant demurred to, and answered the bill. Plaintiffs excepted to the answer and objected to its filing, which were overruled. No written exceptions were filed. The case was heard at the August term, 1907, on bill and exhibits and answer, and the decree appealed from was entered. This decree does not expressly dissolve the injunction; but does so, in effect, by directing the trustee to make sale according to the terms and conditions of the deed of trust.

Some affidavits appear in the record, but as they are not identified by the pleadings, or by any order of the court, they can not be considered as being any part of the record. *Trump* v. *Tidewater C. & C. Co.* 46 W. Va. 238; *Bias* v. *C. & O. Ry. Co., Id.* 349; *Washington National B. & L. Ass'n.* v. *Westfall,* 55 W. Va. 305, and *Bloss* v. *Hull,* 27 W. Va. 503.

No replication was made, and no proof taken. Consequently, under the well established rule of equity practice, the allegations of the answer must be taken as true. *Wilt* v. *Huffman,* 46 W. Va. 473, and *Bierne* v. *Ray,* 37 W. Va. 571.

As to the errors assigned: the first is not good; because the removal of the original trustee and the appointment of Wiley in his stead is collateral to this proceeding and cannot be reviewed upon this appeal. That proceeding is not void. The order therein made is final, and if erroneous must be corrected by writ of error.

The answer denies plaintiff's allegation that notice of the sale was not served upon the grantors, and under the rule of pleading above stated we are bound to hold that notice was served upon them. This disposes of the second point relied on.

A copy of the notice of sale published in some newspaper is made an exhibit with the bill, from which it appears that the notice of the two adjournments of sale was given by continuing the publication of the original notice and inserting just below it this notice of postponement. This is usual and we see no objection to it. We, therefore, hold the third point not good.

The fourth point relied on is that it was error to decree a sale without ascertaining the debt. Plaintiffs do not controvert the debt, nor allege payments. There are no facts alleged which would tend to render the amount of the debt uncertain. The trust deed makes it certain as to the amount and the time it bears interest; and so this assignment we hold also to be groundless. *Watterson* v. *Miller,* 42 W. Va. 108.

We find no error in the decree appealed from, and affirm it.

*Affirmed.*