# CHARLESTON.

## WRIGHT v. WRIGHT.

### Submitted March 21, 1916.   Decided March 28, 1916.

1.  HABEAS CORPUS—*Right to Remedy—Certiorari—Insane Persons.*
    The remedy by certiorari given by section 2, of chapter 110, of the Code, if available in case of one erroneously adjudged a lunatic upon an inquisition by a justice, should be construed as cumulative, and not exclusive of the common law remedy by writ of habeas corpus, and as given by section 1, of chapter 111, serial section 4524, Code 1913. (p. 59).

2.  SAME—*Inquisition of Lunacy—Conclusiveness of Finding.*
    The finding of a justice upon an inquisition of lunacy is not conclusive of the fact of insanity, upon a subsequent inquiry into the same fact by the circuit court upon a writ of habeas corpus. (p. 60).

3.  SAME.
    In such cases the finding of the justice upon such an inquisition at most constitutes but prima facie or presumptive evidence of the fact of insanity, and is not res adjudicata of that fact when relied on in bar of the right to have that fact again inquired into upon a writ of habeas corpus. (p. 63).

Error to Circuit Court, Mason County.

Action by John W. Wright against Charles N. Wright. Judgment for plaintiff, and defendant.brings error.

*Affirmed.*

*B. H. Blagg* and *John L. Whitten,* for plaintiff in error.

*Rankin Wiley,* for defendant in error.

MILLER, JUDGE:

Petitioner, seventy four years of age, alleges in his petition for a writ of habeas corpus ad subjiciendum that he is unlawfully restrained of his liberty by defendant, under bond, upon a charge of lunacy; that the charge is untrue, that he is sound in mind, and ought to be released from the custody of defendant.

Respondent in his return to the writ answers, that on the — day of September, 1913, petitioner was brought. before a justice on the charge that he was insane, and that upon a full hearing thereon, and the evidence produced, petitioner was found by the justice to be insane, and that by an order then made he was placed by the justice in the care and custody of respondent, upon his executing a bond in the penalty of one thousand dollars, conditioned according to law.

Respondent also denies that petitioner is capable of taking care of and managing his farm and farming interests, but that on the contrary he is suffering his property to go to waste, and is endeavoring to sell and dispose of the same at a sacrifice; that by reason of his age, seventy four years, and infirmities incident thereto, petitioner's mind has become greatly impaired, and to such an extent that he is now insane and incapable of transacting business and taking care of himself, wherefore he alleges the judgment of the justice was proper, was pronounced after full investigation and upon evidence duly taken in the proceedings before him, and that it ought to be sustained, observed and respected by the court. And the prayer of his return is that the writ be discharged.

Upon a full hearing before the court upon the writ and return and evidence taken on behalf of both parties, the court found that petitioner is not insane, but is sane and capable of

transacting business, and on October 22, 1913, pronounced the judgment complained of that the order of the justice of September —, 1913, be revoked, set aside and annulled and that petitioner be discharged from the custody of defendant and from the order of said justice.

Section 9, chapter 58, serial section 3334, Code 1913, under which the proceedings before the justice were had, authorizes any justice who shall suspect any person in his county to be a lunatic, to issue his warrant ordering such person to be brought before him, and provides that he shall then inquire whether such person be a lunatic, and for that purpose may summon a physician and any other witnesses, and that in addition to any other questions, he may propound certain specified questions as may be applicable to the case.

And section 10, of the same chapter, then says: "If said justice decide that the person is a lunatic, and ought to be confined in a hospital and ascertain that he is a citizen of this State, then unless some person (to whom the justice in his discretion may deliver the lunatic) will give bond with sufficient security, to be approved by said justice, payable to the State, with condition to restrain and take proper care of such lunatic, until the cause of confinement shall cease, or the lunatic is delivered to the sheriff of the county, to be proceeded with according to law, the justice shall order him to be removed to the nearest hospital and received if there be room therein, and if not, to the other."

And section 11 says: "The interrogatories to the witnesses and the answers thereto shall be in writing, and, together with a written statement by the justice of any matter known to him as to the fact of insanity, shall be transmitted by him with the order."

It was under said section 9 that respondent gave the bond and was given the care and custody of petitioner, and of which complaint is made in the petition for the writ.

The first point of error is that the circuit court was without jurisdiction, upon a writ of habeas corpus, to review the judgment or finding of the justice. It is conceded that the statute makes no provision for an appeal in such cases; but it is contended that complete and adequate remedy at

law is given by certiorari, as provided by section 2, chapter 110, serial section 4519, Code 1913, and that a writ of habeas corpus cannot be made to perform the functions of a writ of error to review the judgment of the justice.

A proper answer to this proposition involves an inquiry into the nature and effect of the proceeding before the justice under said section 9. Certainly it is not a suit or proceeding inter partes, or one in which any rights of person or property are involved other than the individual liberty of the person accused of lunacy. It is nothing more than an inquisition into the fact of lunacy, instituted by the justice for the purposes of the statute, and this court has decided that under this section a justice has jurisdiction only to determine that a person is insane for the purpose of committing him to the hospital or to the custody of some individual under bond, and could not make a finding of insanity for the purpose of appointing a committee. *Karnes* v. *Johnston,* 58 W. Va. 595, 52 S. E. 658.

Conceding a remedy by certiorari, under section 2, of chapter 110, of the Code, the inquiry of the court would be limited of course to the record as made in the justice's court. *Dryden* v. *Swinburne,* 20 W. Va. 102; *Bee* v. *Seaman,* 36 W. Va. 381.

If this remedy by certiorari exists, it should be regarded as cumulative only of the great common law remedy by writ of habeas corpus. As has been frequently said, this is the great writ of liberty, and is available by our statute, section 1, of chapter 111, serial section 4524, whenever one is unlawfully restrained of his liberty. *Lance* v. *McCoy,* 34 W. Va. 416, 421. By section 6, of said chapter 111, the court or the judge thereof in vacation has jurisdiction to hear and determine the cause and discharge or remand the accused. The writ of certiorari, we think, would be a poor substitute for the great writ of right, which though a part of our common law, by adoption, the framers of our Constitution were unwilling to entrust alone to the Legislature, but wrote it into the Constitution, section 4, Article III, that the privilege thereof should never be suspended.

At best the judgment or finding of the justice would be binding only as of the time of its rendition, and could not

extend beyond that time, except perhaps as prima facie evidence, for though insane at one time and properly restrained, the accused could only be lawfully restrained during the existence of his disability. By the terms of the statute the restraint is "until the cause of confinement shall cease," and the judgment or finding of the justice is necessarily so limited, and has not the finality of judgments generally, inter partes.

Without right of appeal or adequate remedy by certiorari then, one charged with lunacy before a justice should not be denied the remedy by writ of habeas corpus. But opposed to this view, and as supporting the proposition of res adjudicata, counsel for respondent cite us to *Ex Parte Mooney,* 26 W. Va. 36, and *Ex Parte Evans,* 42 W. Va. 242. The former case involved imprisonment under a final judgment of the circuit court in a criminal prosecution; the latter an arrest and imprisonment in a civil proceeding. The judgments or orders of imprisonment were rendered by courts of competent jurisdiction. In such cases, the judgments not being void, as the courts in these cases held, could not be re-examined on writs of habeas corpus for mere errors or irregularities therein. These decisions, we think, have little application to the case at bar.

We emphasize the fact that the judgment complained of, though undertaking to vacate the judgment of the justice, and to discharge the petitioner therefrom, speaks in the present tense, that is, that the petitioner is not insane but sane, not was insane, at the time of imprisonment. If sane at the time of the judgment, though insane at the time of his imprisonment by the order of the justice, he was entitled to be discharged on writ of habeas corpus, regardless of the judgment of the justice. *Lawrence* v. *Barlow,* 77 W. Va. 289, 87 S. E. 380.

The evidence taken in the case before the circuit court took a wide range, and was not limited to the changed condition of the petitioner, if any, subsequently to his commitment. It related to his condition prior and subsequent to the order of commitment, but it brought the facts down to the date of the trial on the writ of habeas corpus, and we cannot say

on the whole record that the finding of the circuit court is not supported by the evidence; indeed we think it is fully supported thereby. While the evidence tends to show him peculiar in some respects, it also shows that he has been so for many years, and not more so at the time he was found insane by the justice than always. It shows that he is a man of property, accumulated by himself, and that he has always managed it in a frugal manner for one of his station in life, and that there was no more reason for restraining him of his liberty at the time he was adjudged insane by the justice than at any other period of his activities in life. Indeed there had been no attempt to appoint a committee for him or to take his property out of his possession or control.

But what, we may inquire, is the effect of the finding and judgment of the justice in such cases, upon the rights of the accused upon writ of habeas corpus? The English rule seems to have been to treat the inquisition as presumptive evidence of lunacy only. 1 Clevenger's Medical Jur. of Insanity, 429; and as not necessarily a bar to habeas corpus, *Id.* p. 430. And the American courts, so this writer says, have in the instances pointed out, adopted the same rule. *Com. ex rel. Draper* v. *Kirkbride,* 3 Brewst. 393. In *In Re Bresee,* 82 Iowa 573, 579, a case upon appeal from the judgment of commissioners of insanity, the defense interposed finally was that pending the appeal, appellant, upon writ of habeas corpus, had a full hearing, and was adjudged by the court to be insane, as found by the commissioner, and was not therefore entitled to another hearing on the same question presented by the appeal. The court in that case says: ''Would the appellant, having on one day submitted her case on its merits to the court in the habeas corpus proceeding, be permitted to repeat it the next day, on her appeal, because only of the difference in the kinds of proceedings? We think not. Without committing ourselves to any undue limitations upon the right of a party to test the legality of his restraint by a resort to the writ of habeas corpus, without impairing the right to other and further judicial inquiry, we think, in view of the abundant and liberal provisions of our law for the protection of persons charged with insanity, and its requirement that

in habeas corpus proceedings the actual fact as to insanity shall be determined, with the right of appeal from the judgment, that the appellant was not entitled to another trial of the same issue. The contention by the appellant, we think, has been largely induced by the belief that, in a trial on the appeal, she should be entitled to a jury; which fact, if true, would present quite a different case for consideration.''

And as we have seen this court has held that the findings of the justice is not binding upon the court in an application for the appointment of a committee. That an inquisition is not conclusive of insanity, see, also, *Titlow* v. *Titlow,* (Pa.) 93 Am. Dec. 691, and note p. 696, citing, *Sims* v. *McLure,* 70 Am. Dec. 196; and for its effect as evidence, citing, *In re Gangwere's Estate,* 53 *Id.* 554, and note 561, and *Gibson* v. *Soper,* 66 Id. 414. Our statute, Code 1913, chapter 58, as amended by chapter 51, Acts 1915, Barnes' Code W. Va., 1916, Handy edition, chapter 58, section 13, seems to now put at rest this question, as well as the question of jurisdiction of the circuit court to re-examine the fact of insanity upon petition or writ of habeas corpus. Moreover, it is doubtful whether this provision of our statute amounts to anything more than a declaration of the law as it already existed.

Our conclusion is to affirm the judgment of the circuit court, and it will be so ordered.

*Affirmed.*