[Civ. No. 3101. First Appellate District, Division One.—December 7, 1920.]

H. C. McCLENAHAN, Appellant, v. FRANCES S. HOWARD (an Incompetent Person), Respondent.

[1] INCOMPETENCY—PROCEEDINGS FOR ADJUDICATION OF—NATURE OF. Proceedings to have a person adjudged an incompetent are adversary in their nature.

[2] Id.—Services as Alienist — Action for Compensation — Character of Services—Burden of Proof.—In an action to recover compensation for professional services rendered as an alienist, in the absence of evidence that the services were rendered at the defendant's request, it devolves upon the plaintiff to prove that they were beneficial to the defendant.

[3] Id. — Necessary or Beneficial Character of Services — Presumption.—Services rendered in observation and consultation by an expert alienist to determine the mental condition of a person are not presumed to be either necessary or beneficial to such person.

APPEAL from a judgment of the Superior Court of San Mateo County. John L. Hudner, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Samuel M. Shortridge for Appellant.

Garret W. McEnerney for Respondent.

WOOD, P. J., pro tem.—Plaintiff sought by this action to recover a sum slightly in excess of eighteen hundred dollars for professional services rendered by him as an alienist, to and for the defendant, and at her request. The trial judge found that on January 8, 1915, the plaintiff rendered medical services to the defendant of the reasonable value of forty-five dollars at a time when she was unconscious and in need of medical attention. The court found also that at other times between January 8 and April 21, 1915, plaintiff rendered professional services as an expert alienist in examining and diagnosing her mental condition, for the purpose of advising her relatives of such condition, and for the further purpose of testifying as an expert witness in certain proceedings which were pending and which involved the question of her sanity and her mental competence.

The court further found that such services were not rendered at her instance or request or for her use and benefit, and were not necessary for her health, but that they were rendered at the instance and request of her relatives, and for their use and benefit. A judgment was awarded to the plaintiff for the sum of forty-five dollars only, and

the plaintiff here assails the sufficiency of the evidence to sustain the findings, in denying him any further relief.

It appears from the record in the case that on January 6, 1915, the defendant's brother met with a fatal injury, and on the following day she created some kind of disturbance at his bedside at a private sanatorium, in San Francisco, which resulted in her arrest upon a charge of insanity made by Mr. Morris, who was the attorney for her brother and certain members of the family. After being taken to the detention hospital, with the approval of the judge and her friends she was removed to a sanatorium devoted chiefly to the treatment of alcoholic cases. In some manner she there obtained and imbibed a large quantity of whisky, and early on the morning of January 8th the doctor in charge informed appellant over the telephone that one of the patients had drunk a large quantity of whisky and was in a precarious condition. Plaintiff went to the sanatorium immediately, and there remained, rendering assistance until nearly noon, and until the defendant was out of danger. It is for these services that the trial court awarded plaintiff the sum of forty-five dollars, and no objection is here made to such allowance.

Upon his return to the office of the sanatorium plaintiff met a Mr. Rixford, who said that he was the personal attorney of Miss Howard (the defendant), and who informed plaintiff that her mother was ill; that he had inquired around for someone to look into the case; that he did not know what to do or what his rights were in the matter; that he had to make some investigations; and that his cousin or some relative told him that plaintiff could look into the case and should do so. In the afternoon, at the suggestion of plaintiff, there was a family gathering held at his office in order to get information and a history of defendant's case to make the investigation as to her mental status. The attorney who made the insanity charge was present also. For the time consumed in this consultation plaintiff makes a charge of forty dollars. From thence on for a period covering sixty-eight different days, the plaintiff rendered services either by observation of the patient, consultation with her relatives and friends, or in attendance upon the court, which attendance and detention occupied his time for parts of three days.

Some ten days or two weeks after defendant's arrest upon the insanity charge, her mother arrived from the east and commenced proceedings to have defendant adjudged an incompetent. The petition was dismissed by the superior court without prejudice on October 13, 1915, after a contested hearing. During all this time defendant was practically in custody under the charge of insanity, but shortly afterward, at a time not disclosed, that charge was dismissed. In the following year on January 28, 1916, a new proceeding was brought, which resulted in the appointment of a guardian for both the person and estate of Miss Howard. This proceeding was not contested, and the plaintiff was not a witness upon the hearing.

While at the sanatorium defendant was under the care of two physicians. Within a few days she was removed to the sanatorium of her own physician, Dr. Ward. Afterward she was taken to San Mateo, where she was attended by two other physicians. Plaintiff never acted as her physician at any time. He never prescribed for her. He did not treat her. The only examinations he made were by way of observation. He refused to consult with the attorneys for Miss Howard. He declined to report the result of his opinion or tell them anything, unless Mr. Morris, who made the insanity charge, instructed him so to do. He was a witness and gave testimony against Miss Howard in the insanity charge and the contested guardianship proceedings, and was called by the attorneys acting against her.

The only circumstances referred to as indicating that plaintiff was acting at the request of defendant are: that it does not appear that she objected to the rendition of his services and that once just after she went to San Mateo, at her request over the telephone, he took lunch with her, her sister, brother-in-law, and two uncles. There is nothing, however, to indicate that she had knowledge while thus in custody under a warrant of insanity that any services were being rendered for her benefit.

Under all the circumstances mentioned, the finding that the services were not rendered at the request of defendant, but were rendered at the request of her relatives, is not without support in the evidence.

It is urged that the proceedings taken against defendant were not adversary in their nature, and also were in fact beneficial to her. **[1]** As to the first proposition the authorities are to the contrary. (*Evans* v. *Johnson,* 39 W. Va. 299, [45 Am. St. Rep. 912, 23 L. R. A. 737, 19 S. E. 623] ; *Berry* v. *Berry,* 147 Ind. 176, [46 N. E. 470] ; *Karnes* v. *Johnston,* 58 W. Va. 595, [52 S. E. 658] ; *Jones* v. *Learned,* 17 Colo. App. 76, [66 Pac. 1071] ; *In re Welch,* 108 Wis. 387, [84 N. W. 550].) **[2]** As to the second proposition, in the absence of evidence that the services were rendered at defendant's request, it devolved upon plaintiff to prove that they were beneficial to her. Cases cited by respondent in which the estates of minors, idiots, insane and persons bereft of reason by the sudden stroke of accident or sickness are held liable for *necessaries* furnished in good faith while in that condition, have no application here, for in those cases a recovery is permitted upon the theory that the services were necessary or beneficial. It was upon such theory that the trial judge awarded respondent the reasonable value for such services as he performed while Miss Howard was unconscious. **[3]** We know of no presumption that services rendered in observation and consultation by an expert alienist to determine the mental condition of a person are either necessary or beneficial to such person.

An examination of the entire record fails to indicate that, other than the time when Miss Howard was unconscious, she ever received any medication or any advice for her physical or mental welfare or improvement, or for the palliation of any of her infirmities; likewise is the record silent as to any benefit to her property because of any act or suggestion of plaintiff, either in his investigation to ascertain her mental condition, or after his acquirement of the knowledge that she was suffering from precocious dementia and a deteriorated mental state.

If the services were not rendered at the request of Miss Howard and were of no benefit to her, the challenged finding "that they were for the use and benefit of her relatives" was immaterial, and not prejudicial to plaintiff.

The judgment is affirmed.

Kerrigan, J., and Richards, J., concurred.