ARCHIE CARPENTER *v.* E. E. SWICK *et al.*

(No. 8250)

Submitted October 30, 1935. Decided November 26, 1935.

*E. Wayne Talbott,* for plaintiff in error.
*Wm. T. George,* for defendants in error.

KENNA, JUDGE:

This writ of error is prosecuted to a judgment of the circuit court of Barbour County entered on the 26th day of April, 1935, and to another judgment of that court, entered on the 20th day of June, 1935, in a certain proceeding in prohibition in which Archie Carpenter was the relator and E. E. Swick, J. A. Viquesney, justice of the peace, and W. L. Kittle, constable, were the respondents. The purpose of the petition was to obtain a writ of prohibition to the enforcement of a judgment rendered by J. A. Viquesney, justice of the peace, in favor of E. E. Swick and against Archie Carpenter in an action of unlawful entry and detainer by which certain premises in Barbour County had been recovered by the plaintiff from the defendant, and a writ of possession had been issued. The main showing of the petition consists in the averment that the petitioner, defendant in the action of unlawful entry and detainer, had ''been in possession of said tract of land, as a tenant, but never of the plaintiff, for a period of about fourteen years.'' The judgment of April 26,

1935, awarded the writ of prohibition and the order of June 20, 1935, declined to vacate that judgment on motion of respondents.

The petitioner, under the authority of *Karnes* v. *Johnston,* 58 W. Va. 595, 52 S. E. 658, relies upon the quoted averment as showing that there was a total lack of jurisdiction on the part of the justice to try the unlawful entry and detainer action because not brought within three years of the date of the entry under Code, 50-11-1. A certified transcript of the justice's docket in the unlawful entry and detainer action shows that default judgment, after the hearing of evidence, was entered against defendant and fails to show affirmatively that the entry upon which the action was based occurred within three years next prior to the bringing of the action.

Upon the hearing of the petition for a writ of prohibition, the respondents appeared and demurred to the petition, and moved to amend the justice's transcript in the action of unlawful entry and detainer in order to show that the proof in that action had disclosed that the plaintiff therein had purchased the land described in the process about a year previous to the bringing of that action, and that at the time of that purchase, the defendant, Archie Carpenter, was a tenant of the vendor; that after the purchase, the defendant, Carpenter, had agreed to vacate the land and to surrender possession to the plaintiff, but that he had failed to do so, and that subsequently a notice to vacate had been served upon him and that he had still failed to surrender possession to the plaintiff; and that, therefore, the cause of action of plaintiff had arisen within three years next preceding the bringing of his action of unlawful entry and detainer.

We do not regard it as necessary to dwell at length upon the averment of the petition for the writ of prohibition in order to justify our conclusion that it does in fact fall within the principles of *Karnes* v. *Johnston,* 58 W. Va. 595, 52 S. E. 658. Although the averment is involved, we regard it as sufficient allegation that the plaintiff's cause of action did not arise within three years next prior to the bringing of the action.

Inasmuch as this appears from the petition itself, and the

basis of jurisdiction, namely, the fact that the cause of action did arise within three years next prior to the bringing of the action, does not affirmatively appear from the justice's docket, the petition and the transcript, taken together, are sufficient, if no further showing had been made, to justify the issuance of the peremptory writ.

However, when the respondents appeared and made their motion supported by the affidavit of the justice of the peace who had heard the evidence in the action of unlawful entry and detainer and had entered the judgment therein, to amend the transcript of the docket of the justice to show the actual facts disclosed by the evidence taken by him, and there was no denial nor controversy concerning the truth of the statements contained in the affidavit of the justice, the court should have permitted the amendment to be made, and, when made, should have denied the writ of prohibition upon the showing of jurisdiction thus made. In *State* v. *Emsweller-Jenkins*, 78 W. Va. 214, 223, 88 S. E. 787, it is stated, speaking of section 182 of chapter 50 of the Code: ''The obvious result of this legislation is that the judgment of a justice entered in his docket proves the jurisdictional facts, in the absence of proof of lack thereof. In other words, it is prima facie evidence, and the judgment is not void for want of a full recital thereof. But, whether recited or not, the judgment is open to contradiction and impeachment on questions of fact going to the jurisdiction.'' The case last mentioned and other West Virginia cases on the same subject are reviewed in *Transfer & Storage Co.* v. *Jarrett*, 110 W. Va. 97, 99, 157 S. E. 46, in which the same conclusion, based upon our present statute, Code, 50-6-13, is reached.

For the foregoing reasons, we are of opinion that the judgment of the circuit court of Barbour County must be reversed and the petition for the peremptory writ of prohibition dismissed.

*Reversed and dismissed.*